Jonathan Short
Mark Nikolsky
Matthew Sklar
**McCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102-4056
Tel: (973) 622-4444
Fax: (973) 624-7070
*jshort@mccarter.com*
*mnikolsky@mccarter.com*
*msklar@mccarter.com*

*Attorneys for Plaintiff*
*Durst Corporation, Inc.*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DURST CORPORATION, INC., <br><br> Plaintiff, <br><br> v. <br><br> GRAFF FAUCETS, CO. and MERIDIAN INTERNATIONAL GROUP INC., <br><br> Defendants. | C.A. No. _____ <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** |

### COMPLAINT

For its Complaint against Defendant Graff Faucets, Co. ("Graff"), whose principal place of business, on information and belief, is located at 3701 West Burnham Street, Unit B, Milwaukee, Wisconsin 53215; and Defendant Meridian International Group Inc. ("Meridian"), whose principal place of business, on information and belief, is located at 4703 West Electric Avenue, Milwaukee, Wisconsin 53219, Plaintiff Durst Corporation, Inc. ("Durst"), whose principal place of business is located at 129 Dermody Street, Cranford, New Jersey 07016,

ME1 19047327v.1

alleges as follows:

## THE PARTIES

1. Plaintiff Durst is a corporation duly organized and existing under the laws of the State of New Jersey, having its principle place of business at 129 Dermody Street, Cranford, New Jersey 07016.

2. On information and belief, Defendant Graff is a corporation organized and existing under the laws of the State of Wisconsin, having its principle place of business at 3701 West Burnham Street, Unit B, Milwaukee, Wisconsin 53215.

3. On information and belief, Defendant Meridian is a corporation duly organized and existing under the laws of the State of Wisconsin having its principal place of business at 4703 West Electric Avenue, Milwaukee, Wisconsin 53219.

4. Graff and Meridian are collectively referred to herein as the "Defendants."

5. Plaintiff asserts that it is entitled to relief against the Defendants jointly, severally, or in the alternative with respect to or arising out of the same activities relating to the making, using, importing into the United States, offering for sale, exposing for sale, and/or selling of products that give rise to Plaintiff's infringement allegations and further asserts that questions of fact common to all of the Defendants will arise in this action.

## NATURE OF THE ACTION

6. This is a civil action for patent infringement regarding U.S. Design Patent No. D694,357 S (the "'357 Patent") arising under the Patent Laws of the United States, 35 U.S.C. §§ 1, *et seq.*, including but not limited to 35 U.S.C. § 271.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the subject matter of this action pursuant to 28

U.S.C. §§ 1331 and 1338(a) because this action involves claims arising under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*, including but not limited to 35 U.S.C. § 271.

8. On information and belief, Graff is in the business of manufacturing, developing, commercializing, and selling products for the kitchen and bath industry.

9. On information and belief, Graff is in the business of manufacturing, developing, commercializing, and selling – among other things – showerheads.

10. Graff offers to sell, exposes for sale, and sells products for the kitchen and bath industry – such as showerheads – throughout the United States, including within this judicial district.

11. On information and belief, Meridian is in the business of manufacturing, developing, commercializing, and selling products for the kitchen and bath industry.

12. On information and belief, Meridian is in the business of manufacturing, developing, commercializing, and selling – among other things – showerheads.

13. Meridian offers to sell, exposes for sale, and sells products for the kitchen and bath industry – such as showerheads – throughout the United States, including within this judicial district.

14. On information and belief, Meridian performs business operations through subsidiaries.

15. On information and belief, Graff is a wholly owned subsidiary of Meridian.

16. On information and belief, Meridian owns Graff directly or through a different wholly owned subsidiary.

17. On information and belief, Defendants operate as an integrated, unitary business.

18. Graff offers to sell, exposes for sale, and sells products that fall within the scope

3

of the '357 Patent throughout the United States, including within this judicial district.

19. Graff has committed and is committing acts of infringement with respect to the '357 Patent in this judicial district.

20. Meridian, by itself and/or through one or more of its subsidiaries, offers to sell, exposes for sale, and sells products that fall within the scope of the '357 Patent throughout the United States, including within this judicial district.

21. Meridian has committed and is committing acts of infringement with respect to the '357 Patent in this judicial district.

22. By virtue of, *inter alia*, Graff's continuous and systematic contacts with New Jersey, including but not limited to the above-described activities, this Court has personal jurisdiction over Graff.

23. The activities referenced in the preceding paragraph satisfy due process and confer personal jurisdiction over Graff.

24. By virtue of, *inter alia*, Meridian's continuous and systematic contacts with New Jersey, including but not limited to the above-described activities, this Court has personal jurisdiction over Meridian.

25. The activities referenced in the preceding paragraph satisfy due process and confer personal jurisdiction over Meridian.

26. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), (c) and/or 28 U.S.C. § 1400(b).

## THE CONTROVERSY

### The '357 Patent

27. The '357 Patent, entitled "Showerhead," issued on November 26, 2013.

28. A copy of the '357 Patent is attached as **Exhibit A**.

29. Durst is the assignee and owner of all right, title, and interest in the '357 Patent.

30. Durst's status as the owner by assignment of the '357 Patent confers upon Durst the right to enforce the '357 Patent and sue for infringement thereof.

31. Durst markets and sells products under the name "Jaclo Industries."

32. Durst has marked and marks products embodying the invention of the '357 Patent that it has been and is making, offering for sale, selling and/or importing within or into the United States in accordance with 35 U.S.C. § 287 and thus, provides notice to the public that such products are patented articles that fall within the scope of the claim of the '357 Patent.

33. The '357 Patent contains images that depict specific embodiments claimed by the '357 Patent.

**The Accused Products**

34. Graff owns and/or maintains a website at least at the uniform resource locator http://www.graff-faucets.com/ and all related webpages ("the Graff website").

35. Meridian owns and/or maintains a website at least at the uniform resource locator http://meridiangrp.com/ and all related webpages ("the Meridian website").

36. The Meridian website contains a link to the Graff website.

37. On information and belief, Meridian sells products through the Graff website.

38. On information and belief, Graff sells products through the Graff website.

39. The Graff website displays images of various products for sale, including showerheads.

40. The Graff website also indicates that products which are displayed for sale on the Graff website may be purchased, at least, at 4 different locations in the state of New Jersey, each

of which is less than 20 miles from Newark, New Jersey.

41. The Graff website displays images of products that Graff and/or Meridian offer to sell.

42. Certain products reflected in images on the Graff website and other materials embody the invention claimed by the '357 patent (the "accused products").

43. The accused products include, but are not limited to, products that Graff and/or Meridian have identified or identify with the following model numbers: 8446, 8447, 8448, 8451, 8453, 8455, 8467, 8469, 8473, 8466, 8468, 8474, 8438, 8439, 8464, 8449, 8471, and 8472.

44. Graff has been and is making, using, offering to sell, exposing for sale, and/or selling the accused products within the United States (including within this judicial district) and/or importing the accused products into the United States (including into this judicial district).

45. The Graff website indicates that Graff offers to sell, exposes for sale, and sells accused products within the United States, including within this judicial district.

46. Meridian has been and is making, using, offering to sell, exposing for sale, and/or selling the accused products within the United States (including within this judicial district) and/or importing the accused products into the United States (including into this judicial district).

47. Meridian – by itself and/or through its subsidiary and/or subsidiaries – has been and is making, using, offering to sell, exposing for sale, and/or selling the accused products within the United States (including within this judicial district) and/or importing the accused products into the United States (including into this judicial district).

48. At the very least, the Graff website indicates that Meridian offers to sell, exposes for sale, and sells accused products within the United States, including within this judicial district.

ME1 19047327v.1

49. Graff and/or Meridian represent that the following image corresponds to accused products which have been designated with the model number 8471:



50. Graff and/or Meridian represent that the following image corresponds to accused products which have been designated with the model number 8474:



51. The following is an image from the '357 Patent that depicts a specific embodiment claimed by the '357 Patent:



FIG. 27

7

ME1 19047327v.1

52. The following is an image of an accused product purchased in this district:



# COUNT I

### (Infringement of the '357 Patent )

53. Durst repeats and realleges the allegations set forth in Paragraphs 1 to 52 of this Complaint as if fully set forth herein.

54. The '357 Patent was duly and legally issued by the United States Patent and Trademark Office on November 26, 2013.

55. Durst is the owner by assignment of the '357 Patent, has been the owner by assignment of the '357 Patent since it issued, and has the right to sue for infringement of the '357

8

Patent.

56. Defendants have knowledge of the '357 Patent and of their infringing acts at least through the filing of this Complaint.

57. As explained above, Durst has marked and marks products with the '357 Patent in accordance with 35 U.S.C. § 287.

58. Defendants are and have been infringing, literally or under the doctrine of equivalents, the claim of the '357 Patent by making, using, offering to sell, exposing for sale, and/or selling showerheads embodying the invention of the '357 Patent, including at least the accused products, within the United States and/or by importing such showerheads, including at least the accused products, into the United States.

59. Durst has been damaged and irreparably harmed by Defendants' infringing activities and will continue to suffer damages and irreparable harm unless the Court enjoins Defendants from continuing these activities.

## COUNT II

**(Infringement of the '357 Patent By Graff)**

60. Durst repeats and realleges the allegations set forth in Paragraphs 1 to 59 of this Complaint as if fully set forth herein.

61. Graff is and has been infringing, literally or under the doctrine of equivalents, the claim of the '357 Patent by making, using, offering to sell, exposing for sale, and/or selling showerheads embodying the invention of the '357 Patent, including at least the accused products, within the United States and/or by importing such showerheads, including at least the accused products, into the United States.

62. Graff has knowledge of the '357 Patent and of its infringing acts at least through

ME1 19047327v.1

the filing of this Complaint.

63. Durst has been damaged and irreparably harmed by Graff's infringing activities and will continue to suffer damages and irreparable harm unless the Court enjoins Graff from continuing these activities.

### COUNT III

### (Infringement of the '357 Patent By Meridian)

64. Durst repeats and realleges the allegations set forth in Paragraphs 1 to 63 of this Complaint as if fully set forth herein.

65. Meridian is and has been infringing, literally or under the doctrine of equivalents, the claim of the '357 Patent by making, using, offering to sell, exposing for sale, and/or selling showerheads embodying the invention of the '357 Patent, including at least the accused products, within the United States and/or by importing such showerheads, including at least the accused products, into the United States.

66. Meridian has knowledge of the '357 Patent and of its infringing acts at least through the filing of this Complaint.

67. Durst has been damaged and irreparably harmed by Meridian's infringing activities and will continue to suffer damages and irreparable harm unless the Court enjoins Meridian from continuing these activities.

### REQUEST FOR RELIEF

WHEREFORE, Durst respectfully requests that this Court enter judgment in its favor granting the following relief:

A. declaring that Defendants are and have been infringing, literally or under the doctrine of equivalents, the claim of the '357 Patent;

B. declaring that Graff is and has been infringing, literally or under the doctrine of equivalents, the claim of the '357 Patent;

C. declaring that Meridian is and has been infringing, literally or under the doctrine of equivalents, the claim of the '357 Patent;

D. issuing orders granting a preliminary injunction and a permanent injunction enjoining Defendants and all persons acting in active concert with or participating with Defendants – as well as their successors and assigns – from making, using, offering to sell, exposing for sale, and/or selling the accused products as well as any other products found to be covered by the claim of the '357 Patent within the United States and/or from importing the accused products as well as any other products found to be covered by the claim of the '357 Patent into the United States until the expiration of the '357 Patent;

E. issuing orders granting a preliminary injunction and a permanent injunction enjoining Graff and all persons acting in active concert with or participating with Graff – as well as their successors and assigns – from making, using, offering to sell, exposing for sale, and/or selling the accused products as well as any other products found to be covered by the claim of the '357 Patent within the United States and/or from importing the accused products as well as any other products found to be covered by the claim of the '357 Patent into the United States until the expiration of the '357 Patent;

F. issuing orders granting a preliminary injunction and a permanent injunction enjoining Meridian and all persons acting in active concert with or participating with Meridian – as well as their successors and assigns – from making, using, offering to sell, exposing for sale, and/or selling the accused products as well as any other products found to be covered by the claim of the '357 Patent within the United States and/or from importing the accused products as

well as any other products found to be covered by the claim of the '357 Patent into the United States until the expiration of the '357 Patent;

    G.    awarding Durst an accounting and damages resulting from infringement of the '357 Patent by any or all of the Defendants (Graff and/or Meridian) in an amount no less than a reasonable royalty or any other minimum amount guaranteed under the law, including but not limited damages pursuant to 35 U.S.C. §§ 284 and/or 289;

    H.    awarding Durst pre-judgment and post-judgment interest at the maximum allowable rate;

    I.    declaring this to be an exceptional case and awarding Durst attorneys' fees under 35 U.S.C. § 285;

    J.    awarding Durst its costs and expenses in this action; and

    K.    awarding Durst all other such relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Durst hereby requests a trial by a jury on all issues so triable.

Dated: October 10, 2014

/s/Jonathan Short
Jonathan Short
Mark Nikolsky
Matthew Sklar
**McCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102-4056
Tel: (973) 622-4444
Fax: (973) 624-7070
*jshort@mccarter.com*
*mnikolsky@mccarter.com*
*msklar@mccarter.com*

*Attorneys for Plaintiff*
*Durst Corporation, Inc.*

ME1 19047327v.1

**CERTIFICATION PURSUANT TO L. CIV. R. 11.2**

Pursuant to Local Civil Rule 11.2, I hereby certify that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

Dated: October 10, 2014                         /s/Jonathan Short
                                                Jonathan Short
                                                Mark Nikolsky
                                                Matthew Sklar
                                                **McCARTER & ENGLISH, LLP**
                                                Four Gateway Center
                                                100 Mulberry Street
                                                Newark, New Jersey 07102-4056
                                                Tel:  (973) 622-4444
                                                Fax:  (973) 624-7070
                                                *jshort@mccarter.com*
                                                *mnikolsky@mccarter.com*
                                                *msklar@mccarter.com*

                                                *Attorneys for Plaintiff*
                                                *Durst Corporation, Inc.*